



FILED
CLERK U.S. DISTRICT COURT

DEC 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  David R. Sugden, Bar No. 218465
   dsugden@calljensen.com
2  Vonn R. Christenson, Bar No. 244873
   vchristenson@calljensen.com
3  CALL & JENSEN
4  A Professional Corporation
   610 Newport Center Drive, Suite 700
5  Newport Beach, CA 92660
   Tel:  (949) 717-3000
6  Fax:  (949) 717-3100

7  Attorneys for Plaintiff Dahon North America Inc.
8

9          **UNITED STATES DISTRICT COURT**
10
          **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| 12  DAHON NORTH AMERICA INC., a<br>13  California corporation,<br><br>14        Plaintiff,<br><br>15        vs.<br><br>16  JOSHUA HON, an individual,<br>17  FLORENCE HON, an individual,<br>   MOBILITY HOLDINGS, LTD., a Hong<br>18  Kong company, MOBILITY HOLDINGS,<br>   LTD. (TAIWAN BRANCH) (previously<br>19  identified as Tern Bicycles), a Taiwan<br>   company, STILE PRODUCTS, INC., a<br>20  California corporation, STEVE BOYD, an<br>   individual, and nominal defendant<br>21  DAHON & HON INDUSTRIAL LABS<br>22  LTD., a Taiwan company,<br>23        Defendants. | Case No. CV11-5835 ODW (JCGx),<br>(consolidated with CV11-7554 ODW JCGx))<br><br>**SECOND AMENDED COMPLAINT<br>FOR:**<br><br>1. **BREACH OF FIDUCIARY DUTY**<br>2. **CONVERSION**<br>3. **TORTIOUS INTERFERENCE<br>   WITH PROSPECTIVE<br>   ECONOMIC RELATIONS**<br>4. **FRAUDULENT TRANSFER AND<br>   REGISTRATION OF<br>   TRADEMARKS**<br>5. **TRADEMARK INFRINGEMENT**<br>6. **TRADEMARK DILUTION**<br>7. **FALSE ADVERTISING AND<br>   FALSE DESIGNATION OF<br>   ORIGIN**<br>8. **BREACH OF CONTRACT**<br>9. **ACCOUNTING**<br>10. **UNFAIR COMPETITION [CAL.<br>    BUS. & PROF. CODE § 17200 et<br>    seq.]**<br>11. **UNFAIR COMPETITION [15<br>    U.S.C. § 1125(a)]**<br>12. **UNJUST ENRICHMENT**<br>13. **DECLARATORY RELIEF** |

CALL & JENSEN
A PROFESSIONAL CORPORATION

24
25
26
27
28

DAH01-01:897276_2:12-6-11                              - 1 -

1                           **AND DEMAND FOR JURY TRIAL**

2

3                           Complaint Filed:   July 15, 2011

                          Trial Date:        None Set

4

5        Plaintiff DAHON NORTH AMERICA INC. ("Plaintiff" or "DNA") hereby

6 alleges as follows:

7                          **PRELIMINARY STATEMENT**

8        1.      By this Complaint, Plaintiff Dahon North America Inc. ("Plaintiff" or

9 "DNA") seeks injunctive relief, damages, and other remedies provided for by law to

10 remedy injuries caused by Defendants JOSHUA HON, an individual, FLORENCE

11 HON, an individual, MOBILITY HOLDINGS, LTD., a Hong Kong company,

12 MOBILITY HOLDINGS, LTD. (TAIWAN BRANCH) (previously identified as Tern

13 Bicycles), a Taiwan company, STILE PRODUCTS, INC., a California corporation,

14 STEVE BOYD, an individual, and DAHON & HON INDUSTRIAL LABS LTD., a

15 Taiwan company (collectively "Defendants"), for claims of breach of fiduciary duty,

16 conversion, tortious interference with prospective economic relations, fraudulent

17 transfer and registration of trademarks, trademark infringement, trademark dilution,

18 false advertising and false designation of origin, breach of contract, accounting, unfair

19 competition [Cal. Bus. & Prof. Code § 17200 et seq.], unfair competition [15 U.S.C. §

20 1125(a)], unjust enrichment, and declaratory relief.

21        2.      DNA is the parent company that oversees a collection of subsidiaries that

22 design, manufacture and sell folding bicycles worldwide. (This collection of

23 companies, comprising DNA and its subsidiaries, is collectively referred to herein as

24 "Dahon".) Dahon pioneered the market for the modern folding bicycle more than 30

25 years ago and is the world's leading manufacturer and marketer of folding bicycles. In

26 an attempt to personally profit from the fame of the Dahon brand and products at the

27 expense of DNA shareholders, Defendants have set out to unlawfully accroach control

28 over its Taiwan subsidiary, Dahon & Hon Industrial Labs Ltd. ("Dahon Taiwan"), and

**CALL & JENSEN**
A PROFESSIONAL CORPORATION

SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

valuable Dahon intellectual property.  Accordingly, DNA hereby seeks compensatory and punitive damages, statutory damages, restitution, and temporary and permanent injunctive relief, as set forth more fully below and in the accompanying Prayer for Relief.

## **PARTIES**

3.     Plaintiff Dahon North America Inc. is and was at all times mentioned in this Complaint a corporation organized and existing under the laws of California, with a principal place of business located at 833 Meridian St., Duarte, California 91010.

4.     Defendant Joshua Hon ("Joshua") is an individual who, upon information and belief, is domiciled and resides in Taiwan.

5.     Defendant Florence Hon[1] ("Florence") is an individual who, upon information and belief, is domiciled and resides in Taiwan.

6.     Defendant Mobility Holdings, Ltd. ("Mobility Holdings") is a Hong Kong company, with a principal place of business located at Room 1201, 12th Floor, Connaught Commercial Building, 185 Wanchai Road, Wanchai, Hong Kong.  Upon information and belief, Mobility Holdings is owned and controlled by Joshua and Florence.

7.     Upon information and belief, Defendant Mobility Holdings, Ltd. (Taiwan Branch) ("Mobility Taiwan") is a Taiwan branch company of Mobility Holdings, Ltd., with a principal place of business located at 9-2 Floor, No. 6, Lane 609, Sec. 5, Chung Hsin Rd., Sanchong Dist., New Taipei City, Taiwan.  Mobility Taiwan was previously identified by Plaintiff as Tern Bicycles, and its true identity as Mobility Taiwan has since been clarified.  Upon information and belief, Mobility Taiwan is owned and controlled by Mobility Holdings, Joshua, and Florence.  Mobility Taiwan conducts business in California.

CALL & JENSEN
A PROFESSIONAL CORPORATION

[1] Florence Hon sometimes goes by Florence Shen, which is her maiden name.

8.      Defendant Stile Products, Inc. ("Stile") is a California corporation, with a mailing address at 4067 Hardwick Street, Suite 288, Lakewood, CA 90712.   The president and registered agent for Stile is Steve Boyd who, upon information and belief, is domiciled and resides in California.  Upon information and belief, Mobility Holdings owns 90% of the stock of Stile.

9.      Defendant Steve Boyd ("Boyd") is an individual who, upon information and belief, is domiciled and resides in California.  Steve Boyd is a former officer of Plaintiff, and is currently the president and registered agent for Stile.

10.     Defendant Dahon & Hon Industrial Labs Ltd. ("Dahon Taiwan") is a subsidiary of DNA with its principal place business located at 8F-8, No. 6, Lane 609, Sec. 5, Chung Hsin Rd., Sanchong Dist., New Taipei City, Taiwan.  Upon information and belief, Joshua and Florence are currently exercising unlawful control over Dahon Taiwan's daily operations.  Dahon Taiwan is named herein as a defendant in the event that Dahon Taiwan is somehow determined not to be owned by Plaintiff.

11.     Plaintiff is informed and believes and on that basis alleges that at all relevant times, Defendants, and each of them, were the agents, servants, employees or representatives of each of the other Defendants, were acting within the full course and scope of said agency, employment or representation with the full knowledge and consent, either express or implied, of each of the other Defendants, and are liable for the conduct, damages and relief alleged in the Complaint.

12.     Alternatively, Plaintiff is informed and believes and on that basis alleges that at all relevant times Defendants, and each of them, were acting in their individual capacities to conspire with each of the other Defendants to undertake the alleged conduct in that they were aware that the other Defendants planned to engage in the wrongful conduct alleged in this Complaint, agreed with an intention that wrongful acts be committed, and acted in furtherance of such conspiracy.   As a result of this conspiracy, the Defendants, and each of them, are equally subject to all liability arising

1   from the conspiracy and arising from each and every act or omission done in
2   furtherance of the conspiracy, including liability for punitive damages.

3          13.    Plaintiff is informed and believes and on that basis alleges that at all
4   relevant times, Defendants, and each of them, aided and abetted, ratified, acquiesced in,
5   consented to and approved all of the conduct of the other remaining Defendants and
6   therefore such conduct and its consequences are imputable to each of the Defendants.

7          14.    Plaintiff is further informed and believes that at all relevant times there
8   existed a unity of interest and ownership between each of the Defendants such that any
9   individuality and separateness between the entity Defendants and the individual
10  Defendants did not exist.  Plaintiff is informed and believes that at all times Defendants,
11  and each of them, were the alter egos of each entity Defendant, and each of them, and
12  that they used assets and resources of each for their own individual benefit.  Plaintiff is
13  also informed and believes that at all relevant times Defendants used each of the entity
14  Defendants as mere shells to further their improper scheme, and that Defendants
15  transferred assets and resources among themselves without adequate consideration such
16  that the individuality of the corporate entities is a sham and fiction, and should be
17  disregarded.

18                        **JURISDICTION AND VENUE**

19         15.    The Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338.
20  This Court has supplemental jurisdiction of the state statutory and common law claims
21  herein under 28 U.S.C. §§ 1338(b) and 1367(a).  This Court has personal jurisdiction
22  over each of the Defendants who have committed acts of infringement in violation of
23  the Federal Lanham Act, and have placed infringing products into the stream of
24  commerce through established distribution channels with the knowledge that such
25  products are used and sold in this District.  Defendants have also purposefully directed
26  their tortious activities towards Plaintiff, a California entity, with the intent and
27  knowledge that they would be causing harm to Plaintiff in this District.

28

CALL & JENSEN
A PROFESSIONAL CORPORATION

16.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 in that a substantial part of the events giving rise to the claims occurred in this District, and Defendants have targeted their harm and injury to Plaintiff whose principal place of business is in this District.

## FACTUAL ALLEGATIONS

### The Founding and Rise of Dahon

17.     Dahon was founded by Dr. David T. Hon[2] and Henry Hon in 1979.  (The word "Dahon" is derived from the name David Hon.)  With a vision of merging cycling and mass transportation for convenient and fuel efficient personal mobility, Dahon began designing folding bicycles in an effort to make a significant contribution toward decreased pollution, less dependence on gasoline, and a healthier lifestyle.   The resulting Dahon folding bicycle was an immediate success.

### DNA is Formed

18.     By February 1982, Dahon had attracted a group of more than 35 investors who invested several million dollars into forming what is now known as DNA, with a goal of further expanding the Dahon brand.

19.     Having been one of the first companies to develop and sell folding bicycles, DNA developed valuable intellectual property rights for its bicycle-related patents, trademarks and copyright.  Over the years, DNA has developed relationships all over the world to help in the development, manufacture, and distribution of its folding bicycles and accessories to customers across the world.  Indeed, DNA established an international reputation of goodwill and popularity associated with the Dahon brand, and has become the world's largest folding bicycle designer/manufacturer/marketer.

20.     By the start of the 1990s, Dahon had already won many outstanding product awards, including Taiwan's most prestigious "National Invention" award.  As

---

[2] Dr. David Hon and Florence are married, and Joshua is their son.  Henry Hon is the brother of Dr. David Hon.

CALL & JENSEN
A PROFESSIONAL CORPORATION

1  an early adopter of cutting-edge marketing tactics and strategies, Dahon was also one of

2  the first in Taiwan to effectively engage consumers and build brand loyalty.

3  21.   Widespread and longstanding use of Dahon products over the past several

4  decades has resulted in increased visibility of the Dahon brand and its related

5  intellectual property.  Dahon's technologies have become part of the industry standard

6  for folding bicycles the world over.  DNA now has more than 1,000 employees,

7  including a team of over 70 engineers, and owns over 220 patents.

8  22.   The Dahon brand has been further popularized through international press

9  coverage of both the Dahon products and of Dr. Hon's research and inventions.  Today

10  there are currently over 70 different folding bicycle models sold under the Dahon brand.

11  As a consequence of these many years of advertising, sales, recognition, and awards,

12  the Dahon brand has become a famous brand in the folding bicycle industry.

13  **Dahon's Corporate Structure Expands**

14  23.   As Dahon's product offerings and market presence grew, Dahon's

15  corporate structure grew as well.  Dahon is now made up of a family of companies and

16  subsidiaries, with DNA as the parent corporation.

17  **Dahon Taiwan**

18  24.   In 1982, Dahon began operating its first Asian subsidiary in Taiwan, after

19  an initial investment from DNA of approximately $1.5 million.  The assets of that

20  Taiwan operation were transferred in or around 1996 to a new DNA subsidiary: Dahon

21  and Hon Industrial Labs, Ltd., Taiwan (i.e. "Dahon Taiwan").[3]   Throughout its

22  existence, at least until the wrongful acts complained of herein, Dahon Taiwan has been

23  run by DNA as a wholly-owned subsidiary, and Dahon Taiwan has always operated

24  under the control and direction of DNA.  For instance, some Dahon Taiwan employees

25  were paid with DNA funds, including salaries, social security taxes, and medical

26  insurance; DNA occasionally directed that intellectual property in smaller markets be

27

28  [3] Defendants sometimes refer to Dahon Taiwan as Dahon Global.

registered under Dahon Taiwan's name, to be held on behalf of and for the benefit of DNA; all Dahon intellectual property was used freely by all Dahon companies, including Dahon Taiwan; profits for the licensing and sale of Dahon products were shared among the various Dahon entities in the form of profit centers and consolidated financial reports to Dahon management; all Dahon entities shared insurance coverage under the same products liability insurance policy; and Dahon Taiwan worked jointly with other Dahon companies to market Dahon products and to fulfill customer orders.

**Dahon China**

25.     Dahon Technologies, Ltd. ("Dahon China"), like DNA, is headed by Dr. Hon as CEO. Dahon China, of course, is located in China – Dahon's largest market for folding bicycles. DNA and Dahon China own the intellectual property rights to the Dahon brand in major markets such as the European Union, the United States of America, Japan and China.

**<u>Defendants' Involvement in Dahon</u>**

26.     Since the formation of DNA to the present, Florence served as a director and as the corporate secretary for DNA. As DNA's agent, acting at the direction of DNA's board and president, Florence was appointed as CEO of Dahon Taiwan. The shares of Dahon Taiwan were put under Florence's name, to be held strictly on behalf of and for the benefit of DNA.

27.     Joshua joined Dahon in August 1992, after graduating from the university, and after Dahon had already established itself as the number one brand in its market niche. Joshua learned much over the years working for Dahon, gaining valuable experience, and eventually becoming the Vice President, Sales & Marketing for DNA and the Dahon brand. As Vice President, Sales & Marketing, Joshua helped oversee and develop the sales and marketing strategies for the entire Dahon brand. Joshua also helped to develop Dahon's website – www.dahon.com – and he has been in charge of managing the website since its creation. Although created on behalf of and for the benefit of DNA and the entire Dahon brand, DNA has since learned that Joshua

registered the website under his own individual name.  Throughout his career at Dahon, Joshua reported directly to the CEO and president of Dahon (Dr. Hon).

28.    Over the years, Joshua and Florence performed in their respective positions as officers of DNA.  However, Joshua and Florence gradually began focusing more and more of their attentions to Dahon Taiwan.  As was later revealed, despite their fiduciary obligations to DNA and to the Dahon brand, Joshua and Florence were not simply looking to improve performance at Dahon Taiwan, but were laying the groundwork to either usurp the entire Dahon brand, or to annex Dahon Taiwan from DNA and form a new company to compete with Dahon.

29.    In or around 2007, Dahon considered taking the company public and explored the opportunity of doing so.  However, Joshua opposed the idea, and played a key role in thwarting any plans to make Dahon a public company.  Upon information and belief, Joshua objected to making Dahon a public company at that time in part because of his underlying intention to assume shared control of Dahon with Florence.

30.    Upon information and belief, to carry-out their calculated plan to take over Dahon Taiwan, Florence transferred 50% of the shares for Dahon Taiwan into Joshua's name, without informing DNA of this transaction, without receiving any payment from Joshua, and without knowledge of or authorization from DNA.  Upon information and belief, by mid-2010, Joshua and Florence no longer held the shares of Dahon Taiwan strictly on behalf of and for the benefit of DNA as originally intended.  Rather, they began to view those shares as their personal ownership interests and as their key to controlling Dahon Taiwan as their own.

31.    To position themselves for this take-over, and to gain leverage over DNA, Joshua and Florence also began consolidating as much of Dahon's intellectual property as possible into Dahon Taiwan.  For instance, on July 8, 2009, without making any payment to DNA, and without the knowledge or permission of DNA, Joshua and Florence filed an assignment in the United States Patent & Trademark Office which purportedly transferred two trademarks (as described more fully below) from Plaintiff

CALL & JENSEN
A PROFESSIONAL CORPORATION

to Dahon Taiwan, followed by a later assignment on February 1, 2011 of one of the marks to Mobility Holdings.  Moreover, it has since been learned that much of the intellectual property that Joshua was instructed to register on behalf of Plaintiff was wrongfully registered under Joshua's name individually, or to Dahon Taiwan, rather than under Plaintiff's name.  As with the Dahon Taiwan shares, by mid-2010, Joshua and Florence were no longer holding Dahon's intellectual property strictly on behalf of and for the benefit of DNA as intended.

32.    Around this time, Joshua and Florence approached Dr. Hon about purchasing Dahon and taking control of Dahon Taiwan and the Dahon brands.  Joshua and Florence made it clear that they intended to pay Dr. Hon personally for his acquiescence, but that they would convert Dahon Taiwan into their own private company without providing compensation to any of the other DNA shareholders.  Dr. Hon refused to agree to these demands.

33.    Upon information and belief, in order to further leverage their negotiations with Dr. Hon, Joshua and Florence began exerting increased control over Dahon Taiwan, and began to act independently of DNA and the other Dahon subsidiaries.  For instance, contrary to longstanding business operations and written purchase orders, Dahon Taiwan (under the direction of Joshua and Florence) began to withhold product orders from other Dahon companies, and diverted those product orders to third party manufacturers instead of Dahon; Dahon Taiwan stopped supplying high-end bicycles to Dahon China for the China market; Dahon Taiwan began withholding funds from other Dahon companies, refused to share profits with the other entities as had been done for two decades, and began taking excessive deductions for their respective products and services.  Upon information and belief, these actions by Joshua and Florence were deliberate, and were intended to drain DNA and its subsidiaries of millions of dollars in lost sales, delayed production, and replacement costs.

34.    Defendants, using their knowledge, positions, and relationships built over years working for Plaintiff to sell the Dahon brand have also unlawfully interfered with

SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff's business operations and disparaged Plaintiff, its products, and operations to third parties on numerous occasions via various mediums, including by phone, letter, in person, and over the Internet.

35.   Upon information and belief, Defendants have approached Dahon's distributors to solicit them to distribute the Tern brand.  In particular, in March 2011, while Joshua and Florence were still officers of DNA, Defendants whisked Plaintiff's existing distributors off to an East Coast resort for a private showing of the new Tern bicycle.  Upon information and belief, Defendants informed Plaintiff's distributors on this trip, and at other times, that all of the employees responsible for designing, marketing, and distributing the Dahon branded bicycles over the last twenty years were leaving the company, that Plaintiff no longer had rights to use the intellectual property used in many current models of the Dahon bicycles, that none of the assembly factories would continue to work for Plaintiff, and that Plaintiff's business was going bankrupt in the near future.  None of the above statements were true and they were meant to harm Plaintiff and its business.  As a result of Defendants' false, defamatory, and disparaging claims, many of Plaintiff's distributors, including Topik, Suntour, American Classic, and Fritz Zhou, now refuse to work with Plaintiff and have instead chosen to work with Defendants.  Defendants have since falsely boasted to the press and on the Internet that all of the "existing distributors" have chosen to work with Defendants instead of Plaintiff.

36.   Defendants have improperly attempted to prevent other Dahon companies from using intellectual property registered under Dahon Taiwan's or Joshua's names that have been and were intended to be used by all Dahon companies.  Among other things, Defendants have sent intimidating letters to Plaintiff's distributors and suppliers implicitly threatening legal action against anyone working with Plaintiff to supply and/or distribute goods bearing the Dahon name.

37.   Furthermore, for many years Dahon had an exclusive license to use U.S. Patent No. 7,798,786 for a specific seat post bicycle pump invented by Philip Robinson.

Plaintiff spent significant time and money developing a manufacturing plant to build the seat post pump.  However, Mr. Robinson recently refused to renew the exclusive license after the 2011 season.  Upon information and belief, Mr. Robinson has instead granted a license to use the seat post pump to Defendants.  Plaintiff is informed and believes that Defendants unlawfully interfered with Dahon's relationship with Mr. Robinson by intentionally failing to make royalty payments on behalf of Dahon for its continued use of the seat post pump patent, which Joshua, Florence, and Dahon Taiwan were responsible for paying on behalf of Dahon, and failing to notify Dahon of this failure to make royalty payments.  In addition, Defendants unlawfully interfered with Dahon's relationship with Mr. Robinson by contacting him prior to expiration of Dahon's licensing agreement and convincing him to instead renew the license with the Tern brand rather than the Dahon brand.

38.   In addition to their disparaging statements to Plaintiff's distributors and suppliers, on multiple occasions Defendants have used Plaintiff's own website (www.dahon.com) to not only advertise their new "Tern" brand to Dahon's most loyal and important customers, but to also disparage Dahon's own product and business operations on www.dahon.com.  Joshua Hon has posted no less than 16 posts repeatedly informing consumers on dahon.com's Rider's Forum to "Tern" in a new direction, that Dahon has done a poor job responding to customer service issues in the past, that Tern uses superior parts and design, and that the entire team "responsible for Sales, Marketing, Distribution, and Product Development of the Dahon brand" is moving forward with the Tern brand.  These statements on Dahon's own website and from Plaintiff's own officers and employees tarnish Dahon's good name and cause confusion in the marketplace as to the relationship between the entities.

39.   Defendants have also further posted on the Internet and issued press releases on multiple occasions stating that "Tern" has taken over Plaintiff's employees and most of its intellectual property, allegedly leaving Plaintiff with a substandard product.

CALL & JENSEN
A PROFESSIONAL CORPORATION

SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

40.     When it became apparent that they would not be able to force Dr. Hon to relinquish all control over the Dahon brand, Joshua and Florence instead accelerated plans to annex Dahon Taiwan from DNA.

41.     By September 2010, Joshua and Florence had created Mobility Holdings. Once again without the knowledge or permission of DNA, and in clear violation of their duties owed to DNA, rather than holding the shares of Dahon Taiwan and Dahon's intellectual property strictly on behalf of and for the benefit of DNA as intended, Joshua and Florence instead began transferring these ownership interests to Mobility Holdings without providing any consideration to DNA.

42.     Joshua and Florence also began to inform customers and distributors that they would soon be breaking off from the Dahon brand due to alleged issues with Dahon China.  For instance, at a March 2011 trade show in Taiwan, Joshua informed over 30 Dahon distributors that Dahon Taiwan would stop cooperating on the Dahon brand in the following year and that he would instead be selling new product designs through a competing company under a different brand.

43.     Upon information and belief, Boyd's loyalties had transferred from Dahon to Tern prior to his abrupt departure from Plaintiff in or around March 2011.  Upon information and belief, Boyd conspired with Defendants to use his position as an officer of Plaintiff to help acquire inside information about Plaintiff and its operations and to unlawfully secure intellectual property rights for Defendants prior to his departure from Plaintiff.  Upon information and belief, Boyd further conspired with the other Defendants while an officer of Plaintiff to set up a competing business with Dahon, which resulted in his now actively operating Stile to directly compete with Dahon by selling Tern bicycles and infringing BIOLOGIC accessories.

44.     On or around June 18, 2011, Joshua and Florence officially announced the start of their new company – Tern.  However, upon information and belief, the employees, assets, funds, bank accounts, and property (intellectual, personal, and real) of Tern all came from Dahon.  Moreover, upon information and belief, all products

CALL & JENSEN
A PROFESSIONAL CORPORATION

- 13 -
SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

currently being offered for sale by Tern were developed by, and by using the funds of, Dahon.

45.     Joshua and Florence are now actively operating Tern to directly compete with Dahon.  However, as of the filing of the original complaint in this action, neither Joshua nor Florence had yet resigned, nor yet agreed to be removed, from being an officer of DNA or the other Dahon entities, or in Florence's case from being a director and corporate secretary of DNA.  Moreover, Defendants are using Dahon's employees, assets, funds, bank accounts, and property (intellectual, personal, and real) to directly compete against Dahon – a clear conflict of interest and breach of fiduciary duties.  All of these actions have been taken while Florence was acting as a director and corporate secretary of DNA and as CEO of Dahon Taiwan, and while Joshua was acting as Vice President, Sales & Marketing of DNA and of the Dahon brand.

46.     In addition, despite requests to do so, Joshua refuses to return control to DNA over Dahon's website (www.dahon.com), and is, upon information and belief, using that website to divert business to his new company, to cause harm to Dahon's goodwill with customers, and to publish disparaging information about Dahon without Dahon's authorization, oversight or control.

47.     Florence and Joshua have breached their fiduciary duties and are causing irreparable harm to DNA and to the Dahon brand.  Indeed, Defendants' actions are resulting in irreparable harm to Plaintiff's reputation and goodwill, and are causing significant confusion in the marketplace.  If not restrained, Defendants will continue to cause irreparable harm to Plaintiff which will negatively impact Plaintiff's market share, brand recognition and identity.

**U.S. Intellectual Property At Issue**

48.     Dahon California, Inc. (the predecessor company to DNA) is the registered owner of United States Trademark Registration No. 1,577,680 ("680 Mark" or "Original DAHON Mark"), which was first registered for use on bicycles in International Class 12 goods on January 16, 1990, with a claimed first use date of May

CALL & JENSEN
A PROFESSIONAL CORPORATION

1986.  A copy of the 680 Mark is attached to this First Amended Complaint at Exhibit "A" and is incorporated herein by reference.  The 680 Mark is of the name "DAHON". The 680 Mark is a valid and protectable trademark.

49.     Upon information and belief, Defendants are unlawfully infringing on the Original DAHON Mark by using the 680 Mark in connection with the manufacture and sale of DAHON bicycles and DAHON-branded bicycle accessories, including use of the www.dahon.com website to advertise, distribute, market, and sell these DAHON products.  Defendants' actions, as explained further below, have also resulted in unlawful dilution of the Original DAHON Mark, in confusing the marketplace as to the origins of Defendants' products, and in unfair competition with Plaintiff.

50.     Upon information and belief, Dahon Taiwan is the registered owner of United States Trademark Registration Nos. 3,887,384 ("384 Mark"), 3,887,386 ("386 Mark"), and 3,982,052 ("052 Mark") (collectively "Other DAHON Marks").  The 384 Mark was registered for use on clothing in International Class 25 goods on December 7, 2010, with a claimed first use date of December 1, 2005.  The 386 Mark was registered for use on bags in International Class 18 goods on December 7, 2010, with a claimed first use date of December 31, 1986 – ten years prior to Dahon Taiwan's formation. The 052 Mark was registered for use on bottles in International Class 21 goods on June 21, 2011, with a claimed first use date of June 30, 2010.  Copies of the Other DAHON Marks are attached to this First Amended Complaint at Exhibits "B"-"D" and are incorporated herein by reference.   The Other DAHON Marks are of the name "DAHON".  Upon information and belief, the Other DAHON Marks were improperly registered in Dahon Taiwan's name, as they were developed using Dahon funds and by Dahon employees, and were always intended to be shared by all Dahon companies. Indeed, the Other DAHON Marks were granted at least in part upon reliance on the Original DAHON Mark that was registered to Plaintiff.  Upon information and belief, however, Defendants now claim exclusive ownership over the Other DAHON Marks.

SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

CALL & JENSEN
A PROFESSIONAL CORPORATION

These claims of exclusive ownership by Defendants to the Other DAHON Marks are fraudulent, and are resulting in significant harm to Plaintiff and to the Dahon brand.

51.     Dahon California, Inc. (the predecessor company to DNA) is the original registered owner of United States Trademark Registration No. 2,842,931 ("931 Mark" or "Original BIOLOGIC Mark"), which was first registered for use on bicycle handlebar grips and saddles in International Class 12 goods on May 18, 2004, with a claimed first use date of October 1, 2002.  A copy of the 931 Mark is attached to this First Amended Complaint at Exhibit "E" and is incorporated herein by reference.  The 931 Mark is of the name "BIOLOGIC".

52.     Dahon California, Inc. (the predecessor company to DNA) is the original registered owner of United States Trademark Registration No. 3,591,949 ("949 Mark" or "ECOLOGIC Mark"), which was first registered for use on bicycles in International Class 12 goods on March 17, 2009, with a claimed first use date of January 1, 2009.  A copy of the 949 Mark is attached to this First Amended Complaint at Exhibit "F" and is incorporated herein by reference.  The 949 Mark is of the name "ECOLOGIC".

53.     Upon information and belief, on July 8, 2009, without knowledge, authorization or permission from Plaintiff, and without any consideration to Plaintiff, Defendants purportedly assigned the Original BIOLOGIC and ECOLOGIC Marks from Plaintiff to Dahon Taiwan.  In making this unauthorized assignment, Joshua purportedly acted as Manager of Plaintiff, while Florence purportedly acted as witness.  Later, on February 1, 2011, again without knowledge, authorization or permission from Plaintiff, Defendants purportedly assigned the Original BIOLOGIC Mark from Dahon Taiwan to Mobility Holdings.  Upon information and belief, in making this second unauthorized assignment, Florence purportedly acted as President of Dahon Taiwan, while Joshua purportedly acted as witness.   Upon information and belief, Defendants are now unlawfully using the Original BIOLOGIC Mark and ECOLOGIC Marks without Plaintiff's authorization or permission, resulting in significant harm to Plaintiff.

54.     Upon information and belief, Dahon Taiwan is the registered owner of United States Trademark Registration Nos. 3,881,018 ("018 Mark"), 3,883,830 ("830 Mark"), 3,887,357 ("357 Mark"), and 3,880,968 ("968 Mark") (collectively "Other BIOLOGIC Marks").  The 018 Mark was registered for use on bottles in International Class 21 goods on November 23, 2010, with a claimed first use date of August 30, 2010.   The 830 Mark was registered for use on vehicle and bicycles lights in International Class 11 goods on November 30, 2010, with a claimed first use date of December 1, 2005.  The 357 Mark was registered for use on bicycles helmets and mileage recording instruments in International Class 9 goods on December 7, 2010, with a claimed first use date of December 15, 2009.  The 968 Mark was registered for use on bicycle locks in International Class 6 goods on November 23, 2010, with a claimed first use date of August 10, 2010.  Copies of the Other BIOLOGIC Marks are attached to this First Amended Complaint at Exhibits "G"-"J" and are incorporated herein by reference.  The Other BIOLOGIC Marks are of the name "BIOLOGIC".

55.     Upon information and belief, the Other BIOLOGIC Marks were improperly registered in Dahon Taiwan's name, as they were developed using Dahon funds, and were always intended to be shared by all Dahon companies.  Indeed, upon information and belief, the Other BIOLOGIC Marks were granted at least in part upon reliance on the Original BIOLOGIC Mark that was registered to Plaintiff.  Upon information and belief, however, Defendants now claim exclusive ownership over the Other BIOLOGIC Marks and are presently marketing and selling goods bearing the BIOLOGIC Mark in this District.  Upon information and belief, these claims of exclusive ownership by Defendants to the Other BIOLOGIC Marks are fraudulent, and are resulting in significant harm to Plaintiff.  In addition, Defendants' sale of BIOLOGIC- and ECOLOGIC-branded bicycle accessories are infringing upon Plaintiff's rights to the BIOLOGIC and ECOLOGIC Marks, including Defendants' continued use of the www.dahon.com and www.thinkbiologic.com websites to advertise, distribute, market, and sell these BIOLOGIC and ECOLOGIC products.

CALL & JENSEN
A PROFESSIONAL CORPORATION

Defendants' actions have also resulted in unlawful dilution of the BIOLOGIC Mark, in confusing the marketplace as to the origins of Defendants' products, and in unfair competition with Plaintiff.

56.   In addition to the registered trademarks identified above, Plaintiff is informed and believes that Defendants are improperly seeking to register other trademarks that were developed by Dahon employees using Dahon funds.  Accordingly, this pleading will be supplemented as needed to include any other marks that may be registered by Defendants and were developed using Dahon funds.

57.   Furthermore, in addition to the trademarks identified above, Plaintiff is informed and believes that Defendants also claim ownership over various patents and copyrights that were developed using Dahon resources and funds.  In particular, Plaintiff is informed and believes that Dahon Taiwan is the registered assignee of three folding bicycle frame design patents for which Joakim Uimonen is listed as the inventor.  These three design patents are United States Design Patent Nos. D610,047 (issued February 16, 2010), D622,638 (issued August 31, 2010), and D632,615 (issued February 15, 2011) (collectively "Design Patents").  Upon information and belief, these Design Patents were improperly registered in Dahon Taiwan's name, as they were developed using Dahon funds, and were always intended to be shared by all Dahon companies.  Upon information and belief, however, Defendants now claim exclusive ownership over these Design Patents and are using the patented technology in multiple products being sold under Defendants "Tern" brand.  Defendants are also seeking to prohibit Plaintiff from using the patented technology.  Upon information and belief, these claims of exclusive ownership by Defendants to the Design Patents are fraudulent, and are resulting in significant harm to Plaintiff.  In addition, Plaintiff is informed and believes that Defendants are improperly seeking to register one or more copyrights that were developed using Dahon funds.  Accordingly, this pleading will be supplemented as needed to include any copyrights that may be registered by Defendants and were developed using Dahon funds.

# FIRST CAUSE OF ACTION

## (Breach of Fiduciary Duty)

### (Against Joshua Hon, Florence Hon and Steve Boyd)

58.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 57, inclusive, and incorporates them as though fully set forth by this reference herein.

59.     By reason of Joshua's position as the Vice President, Sales & Marketing for DNA and the Dahon brand, and by reason of Florence's position as a director and corporate secretary of DNA and CEO of Dahon Taiwan, and by reason of Boyd's position as an officer of DNA, because Joshua, Florence, and Boyd each occupied positions of trust, responsibility and confidence arising therefrom, Joshua, Florence, and Boyd each assumed and owed Plaintiff all of the duties and obligations inherent in a fiduciary relationship, including without limitation, the duties to act on behalf of and for the benefit of DNA and Dahon; not to compete with DNA or the Dahon brand; not to take any corporate opportunity from Plaintiff in the same line of business as Plaintiff; to disclose to Plaintiff, and not conceal, the truth regarding their use of Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real); to protect Plaintiff's investments and only use Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real) lawfully and for Plaintiff's benefit; to not act or fail to act in any manner which would harm or cause injury to Plaintiff in preference to Joshua, Florence, and/or Boyd's own self-interests; and to refrain from engaging in acts of improper self-dealing at the expense of the company and other shareholders.

60.     Joshua, Florence, and Boyd's duties of loyalty and care are owed to Plaintiff pursuant to California common law, the California Corporations Code, and Plaintiff's by-laws.

CALL & JENSEN
A PROFESSIONAL CORPORATION

61.     In accordance with their fiduciary duties of loyalty and care owed to Plaintiff, Joshua, Florence, and Boyd, as a director, officer, agent and/or employee of Plaintiff, were obligated (among other responsibilities) to:

    a. Manage, conduct, supervise and direct the business and affairs of Plaintiff in accordance with applicable laws, rules, regulations, and Plaintiff's by-laws;

    b. Neither violate nor knowingly or recklessly permit any officer, director, or employee of Plaintiff to violate applicable laws, rules and regulations or by-laws of Plaintiff, and to exercise reasonable control and supervision over such officers and employees; and

    c. Refrain from acts of self-dealing at the expense of the company or its shareholders.

62.     Plaintiff alleges on information and belief that, by engaging in the actions described above, Joshua, Florence, and Boyd violated their fiduciary duties to Plaintiff in a knowing and willful manner.

63.     As a direct and proximate result of the foregoing breaches of fiduciary duties, Plaintiff has been damaged in amounts, the precise sums of which are presently unknown, but which will be determined in accordance with proof at trial.

64.     As a further direct and proximate result of Joshua, Florence, and Boyd's actions, Joshua, Florence, and Boyd obtained unlawful profits to the detriment of Plaintiff.  Plaintiff is entitled to restitution of all monies improperly diverted from Plaintiff due to Joshua, Florence, and Boyd's actions.

65.     Unless restrained, Joshua, Florence, and Boyd will continue to use Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real) to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.  Plaintiff is therefore entitled to an injunction ordering Defendants, and anyone acting in concert with them, to cease and desist from using Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual,

CALL & JENSEN
A PROFESSIONAL CORPORATION

personal, and real), and to deliver up said website, assets, funds, bank accounts, and property (intellectual, personal, and real) to Plaintiff.

66.     The conduct of Joshua, Florence, and Boyd was fraudulent, oppressive, malicious, in bad faith, in conscious disregard of the rights of Plaintiff, and with the intent and purpose of advancing their own gain at the expense of Plaintiff's rights, reputation and business interests, and Plaintiff is therefore entitled to punitive and/or exemplary damages against them.

## SECOND CAUSE OF ACTION

### (Conversion)

### (Against Florence Hon, Joshua Hon, Mobility Holdings, Mobility Taiwan, and Dahon Taiwan)

67.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 66, inclusive, and incorporates them as though fully set forth by this reference herein.

68.     By reason of the foregoing acts and conduct, Defendants have unlawfully and wrongfully converted for their own use Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real).

69.     Plaintiff has repeatedly requested that Defendants return Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real), but Defendants have refused these requests.

70.     Between the time of Defendants' conversion and the filing of this action, Plaintiff has expended substantial energy and effort in an attempt to recover the converted property, including time spent by Plaintiff's employees and its attorneys, all of which has resulted in further damage to Plaintiff in an amount to be proven at time of trial.

CALL & JENSEN
A PROFESSIONAL CORPORATION

71.     As a direct and proximate result of the unlawful conversion of Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real), Plaintiff has been damaged in an amount not yet fully ascertained.

72.     As a further direct and proximate result of Defendants' actions, Defendants obtained unlawful profits to the detriment of Plaintiff.  Plaintiff is entitled to restitution of all converted property and monies improperly diverted from Plaintiff due to Defendants' actions.

73.     Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action, to Plaintiff's great and irreparable injury, for which damages will not afford adequate relief.  Plaintiff is therefore entitled to an injunction.

74.     The conduct of Defendants was fraudulent, oppressive, malicious, in bad faith, in conscious disregard of the rights of Plaintiff, and with the intent and purpose of advancing their own gain at the expense of Plaintiff's rights, reputation and business interests, and Plaintiff is therefore entitled to punitive and/or exemplary damages against them.

## THIRD CAUSE OF ACTION

### (For Tortious Interference With Prospective Economic Relations)
### (Against All Defendants)

75.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 74, inclusive, and incorporates them as though fully set forth by this reference herein.

76.     Plaintiff has economic relationships with existing distributors, suppliers, manufacturers, vendors, patent holders, customers, and employees who have helped design, market, sell and distribute the Dahon brand for many years.  These relationships have the probability of future economic benefit to Plaintiff in the form of further development and sales of its products.

CALL & JENSEN
A PROFESSIONAL CORPORATION

77.    Defendants were aware of Plaintiff's relationships with its existing and prospective distributors, suppliers, manufacturers, vendors, patent holders, customers, and employees.

78.    Defendants' independently wrongful conduct alleged herein was intended to and has actually disrupted Plaintiff's economic relationships.   In particular, Defendants have illegally seized control over Plaintiff's employees working at the Dahon Taiwan location who have contributed to product development, sales, marketing, and distribution of the Dahon brand.  Defendants, using knowledge gained as officers, directors, and employees of Plaintiff, including Plaintiff's confidential distributor, supplier and customer lists, have further contacted Plaintiff's distributors, suppliers, licensors, and customers disparaging the quality and legality of Plaintiff's products and business operations in an attempt to convince them not to do business with Plaintiff. Defendants have even used Plaintiff's own website, www.dahon.com, to disparage the quality of Plaintiff's products to its most loyal customers and to advertise their own new brand.   Defendants' conversion and use of Plaintiff's assets, along with their disparaging statements and breach of their duties, have harmed and continue to harm Plaintiff.

79.    Defendants knew that their unlawful and unfair business methods, along with their repeated and knowing misrepresentations, and false, defamatory and disparaging statements would disrupt Plaintiff's sales by causing current and prospective business partners to question the legality and viability of Plaintiff's business operations and products, and ultimately to not purchase products, or delay purchasing products.

80.    As a proximate result of Defendants' conduct, Plaintiff's economic relationships with its distributors and suppliers were actually disrupted.  Plaintiff is informed and believes that Defendants induced Plaintiff's existing and prospective customers to delay in purchasing products, to not purchase Plaintiff's products at all, and/or to purchase alternative products, including Defendants' products, thereby

CALL & JENSEN
A PROFESSIONAL CORPORATION

harming Plaintiff.  As a result, many of Plaintiff's distributors, including Topik, Suntour, American Classic, and Fritz Zhou, now refuse to work with Plaintiff and have instead chosen to work with Defendants.  Moreover, Defendants have falsely boasted to the press and on the Internet that all of the "existing distributors" have chosen to work with Defendants instead of Plaintiff.

81.    Defendants have committed and continue to commit such intentional, willful and malicious non-legitimate business acts with the intent of disrupting Plaintiff's business relations and reaping for themselves the future economic benefit that would otherwise flow to Plaintiff.  Such actions have caused and will continue to cause damage to Plaintiff in the form of lost profits, sales, lost opportunity, lost goodwill, monetary damage and damage to reputation.  Plaintiff therefore seeks from Defendants compensatory damages, punitive damages, statutory or enhanced damages, attorneys' fees and costs, and any other relief this court deems appropriate as set forth more fully below.

## FOURTH CAUSE OF ACTION

### (For Fraudulent Transfer And Registration Of Trademarks)

### (Against Joshua Hon, Florence Hon, Mobility Holdings, and Dahon Taiwan)

82.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 81, inclusive, and incorporates them as though fully set forth by this reference herein.

83.    On information and belief, as detailed above, Defendants fraudulently transferred the registrations for the Original BIOLOGIC and ECOLOGIC Marks to themselves, and fraudulently registered the Other DAHON and BIOLOGIC Marks to themselves.

84.    As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.

CALL & JENSEN
A PROFESSIONAL CORPORATION

1

2

3

**FIFTH CAUSE OF ACTION**

**(For Trademark Infringement)**

**(Against All Defendants)**

4   85.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1

5   through 84, inclusive, and incorporates them as though fully set forth by this reference

6   herein.

7   86.    Plaintiff is informed and believes that Defendants, and each of them, have

8   been advertising, selling, distributing, and/or offering for sale product that includes

9   reproductions, counterfeits, copies, or colorable imitations of Plaintiff's Original

10  DAHON Mark, Original BIOLOGIC Mark, and ECOLOGIC Mark in connection with

11  the manufacture and sale of bicycles and bicycle accessories, including through use of

12  the www.dahon.com and www.thinkbiologic.com websites.

13  87.    Defendants are not authorized by Defendants to use Plaintiff's Original

14  DAHON Mark, Original BIOLOGIC Mark, or ECOLOGIC Mark, or any confusingly

15  similar marks, in connection with the marketing and/or sale of goods.

16  88.    Plaintiff is informed and believes, and thereon alleges, that the products

17  Defendants are advertising, selling, or offering for sale are imitations of Plaintiff's

18  Original DAHON Mark, Original BIOLOGIC Mark, and ECOLOGIC Mark, and that

19  Defendants are advertising, selling, distributing, or offering for sale in interstate

20  commerce or in a manner substantially affecting interstate commerce.   As such,

21  Defendants' advertising, sale, distribution, or offering for sale of those products is likely

22  to cause confusion, mistake, and/or deception among consumers as to the source,

23  quality, and nature of those goods.

24  89.    As a direct and proximate result of Defendants' conduct, Plaintiff has been

25  harmed in an amount according to proof, and will suffer further, irreparable injury

26  unless the requested relief is granted.

27  90.    Plaintiff is informed and believes, and thereon alleges, that Defendants'

28  acts were committed, and continue to be committed, with actual notice of Plaintiff's

CALL & JENSEN
A PROFESSIONAL CORPORATION

1   rights and with an intent to cause injury to the reputation and goodwill associated with

2   Plaintiff and its products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled

3   to recover three times its actual damages or three times Defendants' profits, whichever

4   is greater, together with Plaintiff's attorneys' fees.

5

6                                **SIXTH CAUSE OF ACTION**

7                                **(For Trademark Dilution)**

8                                **(Against All Defendants)**

9           91.    Plaintiff re-alleges and reasserts each allegation set forth above as if fully

10   set forth herein.

11          92.    Plaintiff's Original DAHON and Original BIOLOGIC Marks have been in

12   use in the marketplace for many years.  Dahon has spent much time, money, and effort

13   in promoting the DAHON and BIOLOGIC brands over the years.  These efforts, in

14   combination with the many awards, favorable reviews, and general marketplace

15   recognition of the DAHON and BIOLOGIC brands, have caused these marks to become

16   famous.

17          93.    Defendants' use of the DAHON and BIOLOGIC Marks via the

18   www.dahon.com and www.thinkbiologic.com websites, and on bicycles, and

19   accessories as alleged herein, constitutes dilution and blurring of Plaintiff's trademark

20   rights, all of which are associated with the Original DAHON Mark and the Original

21   BIOLOGIC Mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. Section

22   1114.  As a direct and proximate result of this conduct, Plaintiff has been harmed in an

23   amount according to proof, and will suffer further, irreparable injury unless the

24   requested relief is granted.

25          94.    Defendants' conduct as alleged herein was intentional willful, wanton,

26   malicious, oppressive, and reckless, thus warranting enhanced and/or treble damages

27   and attorneys' fees pursuant to 15. U.S.C. Section 1117(a).

28

CALL & JENSEN
A PROFESSIONAL CORPORATION

## SEVENTH CAUSE OF ACTION

### (For False Advertising and False Designation of Origin and Injunctive Relief)

### (Against All Defendants)

95.     Plaintiff re-alleges and reasserts each allegation set forth above as if fully set forth herein.

96.     Defendants' use of the DAHON, BIOLOGIC, and ECOLOGIC Marks via the www.dahon.com and www.thinkbiologic.com websites, on bicycles and accessories, and statements relating thereto in commercial advertising or promotion, constitutes false advertising and false designation of origin, in violation of Section 43 of the Lanham Act, 15 U.S.C. Section 1125(a).

97.     The false statements actually deceived or had the tendency to deceive a substantial segment of Defendants' intended audience regarding the supposed origination, sponsorship, or approval of Defendants' goods by Plaintiff.  The deception was material, in that it was likely to influence the consumers' purchasing decision.

98.     Defendants caused the false statements to enter interstate commerce.

99.     Plaintiff and consumers have been or are likely to be injured as a result of the false statements either by a direct diversion of sales from Plaintiff to Defendants and/or by a lessening of the goodwill associated with its products.

100.   As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.

101.   Defendants' conduct as alleged herein was intentional, willful, wanton, malicious, oppressive and reckless, thus warranting enhanced and/or treble damages and attorneys' fees pursuant to 15 U.S.C. Section 1117(a).

102.   Plaintiff is also entitled to injunctive relief to enjoin Defendants from the actions identified herein regarding the continued sales, marketing and distribution of products and/or services bearing the DAHON, BIOLOGIC, or ECOLOGIC Marks.

CALL & JENSEN
A PROFESSIONAL CORPORATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH CAUSE OF ACTION

### (Breach Of Contract Against Dahon Taiwan)

103.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 102, inclusive, and incorporates them as though fully set forth by this reference herein.

104.   DNA has, at all times, performed all conditions, covenants, and obligations required of it under the written contracts and purchase orders by which it purchased products from Dahon Taiwan, except for those conditions, covenants, and obligations that it was prevented and/or excused from performing.

105.   Plaintiff has not excused, waived, or otherwise released Dahon Taiwan from its obligation to supply goods to Plaintiff and its subsidiaries or share profits with the same.

106.   Dahon Taiwan has failed and refused, and continues to refuse, to tender payment as contractually required, without any valid legal excuse.

107.   Dahon Taiwan's failure and refusal to perform their payment and profit sharing obligations has caused and will continue to cause Plaintiff damages in an amount according to proof at trial, including but not limited to lost profits and consequential damages.

## NINTH CAUSE OF ACTION

### (For An Accounting/Imposition Of Constructive Trust And/Or Equitable Lien)

### (Against All Defendants)

108.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 107, inclusive, and incorporates them as though fully set forth by this reference herein.

109.   Plaintiff alleges on information and belief that Defendants owe fiduciary obligations to Plaintiff as set forth above, and that Defendants are presently unlawfully

CALL & JENSEN
A PROFESSIONAL CORPORATION

using and controlling Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real) to compete with Plaintiff.

110.   Plaintiff alleges on information and belief that Defendants have received, and continue to receive, benefits and profits rightfully belonging to Plaintiff which have been, and are, derived from Defendants' wrongful conduct, but that Plaintiff is presently unable to fully ascertain the extent of same.   All such benefits and profits rightfully belong to Plaintiff.

111.   Plaintiff alleges on information and belief that, by reason of the foregoing, Plaintiff is entitled to, inter alia: (a) an accounting of all of Plaintiff's funds, properties and other assets which have been within Defendants' possession or control at any time, including without limitation, all benefits and profits derived therefrom; (b) the imposition of a constructive trust and/or equitable lien thereon in favor of Plaintiff, with an order for conveyance to Plaintiff of its rightful ownership thereof, and (c) all documentation and records in the possession or control of Defendants, or anyone acting in concert with them, which pertain to such funds, properties and other assets, and all benefits and profits derived therefrom, and an order for conveyance thereof to Plaintiff.

112.   By reason of the tortious manner by which Defendants obtained, and continue to obtain, possession of funds, properties and assets which rightfully belong to Plaintiff, they are involuntary trustees holding such funds, properties and assets, and any benefits and profits derived therefrom, in constructive trust for the use and benefit of Plaintiff, and with the duty to reconvey the same to Plaintiff forthwith.

113.   Alternatively, the Court should impress such funds, properties and assets which rightfully belong to Plaintiff, as well as any benefits and profits derived therefrom, with an equitable lien in favor of Plaintiff.   Plaintiff has no adequate remedy at law, and the imposition of a constructive trust or, alternatively, an equitable lien, is required to avoid the perpetration of Defendants' tortious misconduct, to prevent the unjust enrichment of them, and to avoid irreparable injury to Plaintiff.

CALL & JENSEN
A PROFESSIONAL CORPORATION

**TENTH CAUSE OF ACTION**

**(Unfair Competition [Cal. Bus. & Prof. Code § 17200 et seq.])**

**(Against All Defendants)**

114.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 113, inclusive, and incorporates them as though fully set forth by this reference herein.

115.   As alleged above, Defendants have engaged in a variety of acts directed towards Plaintiff that constitute unlawful and  unfair business practices in violation of California Business and Professions Code section 17200, including without limitation: (a) Joshua and Florence's extensive acts of self-dealing at the expense of DNA and its shareholders, and their other acts in violation of the fiduciary duties which they owe to Plaintiff and to Plaintiff's shareholders; (b) the unlawful conversion by Defendants of Plaintiff's website, employees, assets, funds, bank accounts, and property (intellectual, personal, and real), and their unfair use of such to compete with Plaintiff; and (c) the unlawful use of and attempts to exclude Plaintiff from using its own intellectual property rights.

116.   Defendants have profited and will, in the future, profit unjustly from their unfair business practices.  Accordingly, pursuant to California Business and Professions Code section 17203, Plaintiff seeks an award of restitution and disgorgement.

117.   Furthermore, as a proximate result of Defendants' conduct, Plaintiff and its shareholders have been and will continue to be harmed in the form of damage to its goodwill, lost sales, and other actual damages.

118.   The harm to Plaintiff and to members of the general public outweighs any utility of Defendants' business practices.

119.   Defendants' unlawful competition has and will continue to cause great and irreparable injury to Plaintiff and its shareholders.  Unless restrained, Defendants will continue the acts and conduct set forth in this cause of action to Plaintiff's great and irreparable injury for which damages will not afford adequate relief.  Plaintiff therefore

CALL & JENSEN
A PROFESSIONAL CORPORATION

requests, pursuant to California Business and Professions Code section 17203, that during the pendency of this action this Court issue a preliminary injunction, and that after trial this Court issue a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys and representatives, and anyone acting at their direction, from engaging in the unlawful and unfair business practices alleged herein.

120.    Defendants took the aforementioned actions willfully and maliciously, with the intent to injure Plaintiff and its shareholders, to gain an unfair competitive advantage, and to advance their own gain at the expense of Plaintiff's rights, reputation and business interests, and Plaintiff is therefore entitled to the relief sought.

121.    Upon proof, Plaintiff is entitled to recover its costs, including attorney's fees, under California Code of Civil Procedure section 1021.5.

## ELEVENTH CAUSE OF ACTION

### (Unfair Competition [15 U.S.C. § 1125(a)])

### (Against All Defendants)

122.    Plaintiff re-alleges and reasserts each allegation set forth above as if fully set forth herein.

123.    Defendants' conduct as alleged herein with respect to the DAHON, BIOLOGIC, and ECOLOGIC Marks constitutes unfair competition, in violation of Section 43 of the Lanham Act, 15 U.S.C. Section 1125(a).  As a direct and proximate result of Defendants' conduct, Plaintiff has been harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.

124.    Defendants' conduct as alleged herein was intentional, willful, wanton, malicious, oppressive, and reckless, thus warranting enhanced and/or treble damages and attorneys' fees pursuant to 15 U.S.C. Section 1117(a).

## TWELFTH CAUSE OF ACTION

### (Unjust Enrichment)

**(Against All Defendants)**

125.   Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 124, inclusive, and incorporates them as though fully set forth by this reference herein.

126.   Subject to the foregoing claims, by virtue of their wrongful conduct toward Plaintiff alleged above, Defendants have been unjustly enriched by the receipt and use of Plaintiff's employees, assets, funds, bank accounts, customer, manufacturer and distributor lists, and property (intellectual, personal, and real) without consideration to or consent from Plaintiff.  Plaintiff will be harmed in an amount according to proof, and will suffer further, irreparable injury unless the requested relief is granted.  Accordingly and alternatively to awarding a preliminary injunction, Plaintiff demands that a constructive trust be imposed for Plaintiff's benefit on all revenues derived from the manufacture and/or sale of products using Plaintiff's assets and/or profits based on, arising out of, or otherwise derived from Defendants' wrongful conduct alleged herein.

127.   It would be manifestly unjust for Defendants to retain any of the benefits they have gained through their wrongful conduct.  Subject to and as alleged above, unless the Court orders restitution to Plaintiff, Defendants will unjustly benefit from their actions.

## THIRTEENTH CAUSE OF ACTION

### (Declaratory Relief)

**(Against Florence Hon, Joshua Hon, Mobility Holdings and Dahon Taiwan)**

128.   Plaintiff incorporates the allegations set forth in each of the preceding paragraphs as if fully set forth herein.

129.   An actual controversy has arisen and now exists between Plaintiff and Defendants Joshua and Florence Hon, Mobility Holdings, and Dahon Taiwan concerning their respective rights and ownership of Dahon Taiwan shares, assets (including intellectual property registered by Dahon Taiwan), and liabilities, in that

CALL & JENSEN
A PROFESSIONAL CORPORATION

Plaintiff contends it is the sole owner of the shares (and corresponding assets and liabilities) that was to be held in constructive trust by Florence.

130.   Defendants dispute Plaintiff's ownership over Dahon Taiwan and contend that Florence and Joshua (transferred from Florence) each own 50% of the stock of Dahon Taiwan and that it is an entity independent from Plaintiff.   Upon information and belief, Florence and Joshua have subsequently transferred their purported ownership interests to Mobility Holdings.

131.   Plaintiff desires a judicial determination and a declaration in its favor as to the ownership, control, and rights to the Dahon Taiwan shares, assets, and liabilities, including any assets transferred to Mobility Holdings.

132.   A judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties regarding Dahon Taiwan.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as to all counts of its First Amended Complaint, as follows:

1.     Actual general and compensatory damages according to proof;

2.     Reasonable attorney's fees and costs of suit;

3.     Pre-judgment interest on all amounts claimed as permitted by law;

4.     For temporary and permanent injunctive relief:

    a.     Enjoining Defendants to cease and desist from using Plaintiff's websites, employees, assets, funds, bank accounts, or property (intellectual, personal, and real) that are currently in Defendants' possession, custody and/or control;

    b.     Enjoining Defendants from interfering with Plaintiff's use of, and right to use, intellectual property applied for and/or registered by Dahon Taiwan relating to folding bicycles or folding bicycle accessories;

CALL & JENSEN
A PROFESSIONAL CORPORATION

     c.    Enjoining Defendants from representing to the public through advertisements, publications, or other forms of communication that Defendants are in any way authorized to speak on behalf of the Dahon brand; and

     b.    Ordering Defendants to return possession, custody and/or control over all websites, employees, assets, funds, bank accounts, and property (intellectual, personal, and real) belonging to Plaintiff;

5.    Restitution and disgorgement of Defendant's profits unjustly obtained;

6.    An accounting of all of Plaintiff's funds, properties and other assets which have been within Defendants' possession or control at any time, including without limitation, all benefits and profits derived therefrom;

7.    Imposition of a constructive trust and/or equitable lien thereon in favor of Plaintiff with respect to all of Plaintiff's funds, properties, and other assets in Defendant's possession, custody, or control, and all gains, profits, and advantages derived therefore, with an order for conveyance to Plaintiff of the ownership over said gains, profits, advantages, funds, properties, and other assets;

8.    For an order that all documentation and records in the possession or control of Defendants, or anyone acting in concert with them, which pertain to Plaintiff's funds, properties and other assets, and all benefits and profits derived therefrom, be conveyed to Plaintiff;

9.    For an order that Defendants transfer to Plaintiff any DAHON, BIOLOGIC, or ECOLOGIC Marks that are allegedly owned by Defendants, or, in the alternative, for an order that said Marks be cancelled;

10.    For declaratory relief ordering Defendants to transfer or deliver to Plaintiff any Dahon Taiwan shares in their possession, custody, or control, or, alternatively, for a declaration that Defendants' alleges shared in Dahon Taiwan are deemed void.

SECOND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

CALL & JENSEN
A PROFESSIONAL CORPORATION

11.    Statutory treble damages;

12.    Punitive or exemplary damages; and

13.    Such other, further, and different relief as the Court may deem proper under the circumstances.

Dated:  December 6, 2011                    CALL & JENSEN
                                            A Professional Corporation
                                            David R. Sugden
                                            Vonn R. Christenson


                                            By: */s/ Vonn Christenson*
                                                 Vonn R. Christenson

                                            Attorneys for Plaintiff Dahon North America Inc.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the First Amended Complaint.

Dated:  December 6, 2011                         CALL & JENSEN
                                                 A Professional Corporation
                                                 David R. Sugden
                                                 Vonn R. Christenson


                                                 By: */s/ Vonn Christenson*
                                                         Vonn R. Christenson

                                                 Attorneys for Plaintiff Dahon North America Inc.

# Exhibit A

Int. Cl.: 12

Prior U.S. Cl.: 19

Reg. No. 1,577,680

United States Patent and Trademark Office

Registered Jan. 16, 1990

10 Year Renewal

Renewal Term Begins Jan. 16, 2000

## TRADEMARK
## PRINCIPAL REGISTER

## DAHON

DAHON CALIFORNIA, INC. (CALIFOR-
NIA CORPORATION)
833 MERIDIAN STREET
DUARTE, CA 91010

FOR: BICYCLES, IN CLASS 12 (U.S.
CL. 19).

FIRST USE 5-0-1986; IN COMMERCE
5-0-1986.

SER. NO. 73-808,355, FILED 6-22-1989.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Dec. 14, 1999.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 12

Prior U.S. Cl.: 19

**United States Patent and Trademark Office**

Reg. No. 1,577,680
Registered Jan. 16, 1990

### TRADEMARK
### PRINCIPAL REGISTER

## DAHON

DAHON CALIFORNIA, INC. (CALIFORNIA CORPORATION)
2949 WHIPPLE ROAD
UNION CITY, CA 94587

FOR: BICYCLES, IN CLASS 12 (U.S. CL. 19).

FIRST USE 5-0-1986; IN COMMERCE 5-0-1986.

SER. NO. 73-808,355, FILED 6-22-1989.

ELLEN A. RUBEL, EXAMINING ATTORNEY

# Exhibit B

# United States of America

## United States Patent and Trademark Office

# DAHON

**Reg. No. 3,887,384**

**Registered Dec. 7, 2010**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
8F-8, NO.6, LN.609, SEC.5, CHONGSIN RD.
SANCHONG CITY
TAIPEI COUNTY 24160, TAIWAN R.O.C.

FOR: ANKLE GARTERS; ANKLE SOCKS; ATHLETIC APPAREL, NAMELY, SHIRTS, PANTS, JACKETS, FOOTWEAR, HATS AND CAPS, ATHLETIC UNIFORMS; HATS; MEN'S AND WOMEN'S JACKETS, COATS, TROUSERS, VESTS; VESTS; WIND VESTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-1-2005; IN COMMERCE 12-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-788,999, FILED 7-24-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# Exhibit C

# United States of America

## United States Patent and Trademark Office

# DAHON

**Reg. No. 3,887,386**

**Registered Dec. 7, 2010**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
8F-8, NO.6, LN.609, SEC.5, CHONGSIN RD.
SANCHONG CITY
TAIPEI COUNTY 24160, TAIWAN R.O.C.

FOR: ALL PURPOSE SPORT BAGS; ALL-PURPOSE ATHLETIC BAGS; ALL-PURPOSE CARRYING BAGS; ALL-PURPOSE REUSABLE CARRYING BAGS; BACKPACKS, BOOK BAGS, SPORTS BAGS, BUM BAGS, WALLETS AND HANDBAGS; HIKING BAGS; TOOL BAGS SOLD EMPTY, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 12-31-1986; IN COMMERCE 12-31-1986.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-789,052, FILED 7-24-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

# Exhibit D

# United States of America

## United States Patent and Trademark Office

# DAHON

**Reg. No. 3,982,052**

**Registered June 21, 2011**

**Int. Cl.: 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
8F.-8, NO.6, LN.609, SEC.5, CHONGSIN RD.
SANCHONG CITY
TAIPEI COUNTY 24160, TAIWAN R.O.C.

FOR: BOTTLES, SOLD EMPTY, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 6-30-2010; IN COMMERCE 6-30-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-789,023, FILED 7-24-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# Exhibit E

Int. Cl.: 12

Prior U.S. Cls.: 19, 21, 23, 31, 35 and 44

Reg. No. 2,842,931

**United States Patent and Trademark Office**

Registered May 18, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## BIOLOGIC

DAHON CALIFORNIA, INC. (CALIFORNIA CORPORATION)
833 MERIDIAN STREET
DUARTE, CA 91010

FOR: BICYCLE HANDLEBAR GRIPS AND BI-CYCLE SADDLES, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 10-1-2002; IN COMMERCE 10-1-2002.

SER. NO. 78-180,332, FILED 10-31-2002.

WENDY GOODMAN, EXAMINING ATTORNEY

# Exhibit F

Int. Cl.: 12

Prior U.S. Cls.: 19, 21, 23, 31, 35, and 44

**United States Patent and Trademark Office**

Reg. No. 3,591,949

Registered Mar. 17, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# ECOLOGIC

DAHON CALIFORNIA, INC. (CALIFORNIA CORPORATION)
833 MERIDIAN STREET
DUARTE, CA 91010

FOR: BICYCLES, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 1-1-2009; IN COMMERCE 1-1-2009.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-161,323, FILED 4-19-2007.

KAREN SEVERSON, EXAMINING ATTORNEY

# Exhibit G



# United States of America

## United States Patent and Trademark Office

# BIOLOGIC

**Reg. No. 3,881,018**

**Registered Nov. 23, 2010**

**Int. Cl.: 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
SANCHONG CITY
8F-8, NO.6, LN.609, SEC.5, CHONGSIN RD.
TAIPEI COUNTY 24160, TAIWAN R.O.C.

FOR: BOTTLES, SOLD EMPTY, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 8-30-2010; IN COMMERCE 8-30-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-788,883, FILED 7-24-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# Exhibit H

# United States of America

## United States Patent and Trademark Office

# BIOLOGIC

**Reg. No. 3,883,830**
**Registered Nov. 30, 2010**
**Int. Cl.: 11**

**TRADEMARK**
**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
8F-8, NO.6, LN.609, SEC 5, CHONGSIN RD.
SANCHONG CITY
TAIPEI COUNTY 24160, TAIWAN R.O.C.

FOR: BACKUP LIGHTS FOR LAND VEHICLES; BICYCLE LIGHTS; HEADLIGHTS FOR VEHICLES, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 12-1-2005; IN COMMERCE 12-1-2005.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,842,931.

SN 77-788,859, FILED 7-24-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



Daud J. Kappos

Director of the United States Patent and Trademark Office

# Exhibit I

# United States of America

## United States Patent and Trademark Office

# BIOLOGIC

**Reg. No. 3,887,357**
**Registered Dec. 7, 2010**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
CHONGSIN RD., TAIPEI COUNTY 24160
8F-8, NO. 6, LN. 609, SEC. 5
SANCHONG CITY, TAIWAN R.O.C.

FOR: BICYCLE HELMETS, CRASH HELMETS FOR CYCLISTS, LIFE VESTS, MILEAGE RECORDING INSTRUMENTS IN THE NATURE OF ODOMETERS, SPEEDOMETERS FOR INDICATING SPEED, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 12-15-2009; IN COMMERCE 12-15-2009.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,842,931.

SN 77-782,306, FILED 7-16-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# Exhibit J

# United States of America

## United States Patent and Trademark Office

# BIOLOGIC

**Reg. No. 3,880,968**

**Registered Nov. 23, 2010**

**Int. Cl.: 6**

**TRADEMARK**

**PRINCIPAL REGISTER**

DAHON AND HON INDUSTRIAL LABS., LTD. (TAIWAN CORPORATION)
CHONGSIN RD., TAIPEI COUNTY 24160
8F.-8, NO. 6, LN.609, SEC. 5
SANCHONG CITY, TAIWAN R.O.C.

FOR: BICYCLE LOCKS; METAL BALL LOCK PINS; METAL LOCKS; METAL LOCKS AND KEYS THEREFOR, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 8-10-2010; IN COMMERCE 8-10-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,842,931.

SN 77-782,278, FILED 7-16-2009.

TINA L. SNAPP, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*